| BYRNES, Judge.
The Department of Police of the City of New Orleans appeals a decision of the Civil Service Commission of the City of New Orleans, issued on July 19, 1999, setting aside the action of the Department of Police in imposing a disciplinary suspension of three (3) days upon the appellee, Jenerio Sanders, a Police Officer, for loss of a departmental radio. A fine of $2084.56[1] was also imposed on Officer Sanders, but that fine was not overturned by the Civil Service Commission and is not contested by either party to this appeal.
Officer Sanders does not dispute the fact that he allowed his radio to be placed in a position where it was either lost or stolen in violation of departmental regulations, more specifically, Field Standard Operating Procedure) Section 160, which states that Department of Police employees are responsible for' all departmental property which has been issued to them.
The Department of Police’s brief refers to and quotes from a Civil Service Commission ruling dated July 19, 1999. A copy of that ruling is annexed to the appel-lee’s brief. This ruling should form part of the record. Normally, annexing a copy of a document to a brief would not be sufficient to allow this Court to take notice of its contents, even in the absence of objection from the opposing party. | ..However, in the instant case, not only has the appellant failed to dispute the authenticity of the copy of the ruling annexed to the appellee brief, but the appellant’s references to and quotations from that ruling are such as to obviate the necessity of this Court requiring a formal supplementation of the record.
We find in the record a letter from the Department of Police to “Sergeant Jenerio Sanders” dated October 21, 1997 which commences with the following paragraph:
Civil Service has advised that, because of a procedural error, your original suspension and fine for P.I.D. Case # 97-135R has been disproved. As a result of their decision, you will be restored all back pay and emoluments associated with the original disciplinary action. This office will advise Personnel and Payroll to promptly initiate the re *1103 imbursement process. This letter will serve as amended notification to advise of disciplinary action will be assessed in this case. [Emphasis added.]
Although the letter explains that the original penalty is revoked as a result of a procedural error, the letter goes on to explain that the procedural error was rectified at a hearing on June 30, 1997, and the original penalty of fine and suspension was again imposed. Officer Sanders appealed to the Civil Service Commission contending that the punishment was excessive because the fine for the cost of the radio was sufficient punishment and also because he had been forced to serve both suspensions and felt that he was at risk of being required to* pay the fine a second time. It is uncontested that at the time of the hearing on the appeal to the Civil Service Commission he had not been reimbursed for the cost of the first improperly ordered suspension. The ruling of the Commission arising out of the hearing on December 18,1997, concluded that:
| ¡¡While the Commission is fully aware that in any bureaucracy paperwork can take time, we find that the time taken to follow orders of the Commission to be grossly excessive. The Police Department has charged Appellant with a rule violation, which he admitted, and has cited its rules on discipline to justify the penalty imposed. The Police Department is reminded that, like every other City agency, it .is also bound by the Rules of the Civil Service Commission, which under the Constitution have the effect of law. A Commission Rule- was violated; the Department was'duly notified; yet somehow the administrative officials within the Police Department found themselves unwilling or unable to correct that unlawful action for over three months. Consequently, the appellant suffered actual monetary penalties far beyond the Police Department’s own guidelines. Those guidelines, by Captain Quinton’s own testimony, call for a maximum five-day penalty.
The thrust of the Department of Police’s appeal is two-fold: 1) The penalty imposed is reasonable and within departmental guidelines; and 2) “[T]he Commission set aside the three (3) day suspension,' based on allegations relating to a suspension which is procedurally unrelated to the one before it at the time of the hearing.” Had Officer Sanders been required to serve only. one three-day suspension, there is every reason to believe that the Civil Service Commission would have sustained the suspension and penalty imposed by the Department of Police. However, the failure of the Department to rectify the admittedly wrongfully imposed first suspension within a reasonable period of time had the effect of creating a punishment beyond the maximum called for under Department guidelines, when the punishment sought to be imposed was far less. We are unpersuaded by the Department’s casuistic attempt to separate the two suspensions as procedurally unrelated. The purpose of the hearing was to determine whether the suspension and penalty imposed for the loss of the radio was excessive. There are no contested material facts in this case. It is uncontested that two ^suspensions were imposed for the loss of the same radio. It is uncontested that the Department failed to rectify the improperly imposed original suspension prior to imposing the second, and had still not made proper rectification months later at the time of the hearing before the Civil Service Commission, which resulted in the ruling that is the subject of this appeal. The suspensions both resulted in substantial losses of income to Officer Sanders. We can assume that both worked substantial financial hardships upon him when coupled with the monthly deduction from his paycheck for the cost of the radio. The timing of receipts and expenditures can be just as important as amounts. The fact that Officer Sanders may eventually recover for the first suspension does not really make up for the fact that for a substantial period of time he lost wages *1104 and benefits twice when only one such loss was justified.
The brief of the Department of Police takes the position that:
[T]he Civil Service Commission has no power to substitute its own judgment for that of the supervising officer as to the interpretation of proper police policy and procedure and the appropriate length of a suspension imposed.
As stated previously, this is not the issue in this case, and it was not treated as the issue by the Civil Service Commission. The decision of the Civil Service Commission is based on the imposition of two suspensions when it was the intention of the Department to impose only one, and when only one was called for. We find that the record supports this view of the facts and that the decree of the Civil Service Commission represents a reasonable means of rectifying the wrong done to Officer Sanders. It does not represent an attempt by the Commission to second-guess the reasonable disciplinary actions undertaken by the Department of Police.
| sFor the foregoing reasons decision of the Civil Service Commission is affirmed.

AFFIRMED.

. The cost of the missing radio.